FORM 1 VOLUNTARY PETITION

| United States Bankruptcy Court District of | Case No. | VOLUNTARY PETITION |
|---|---|---|

| IN RE (Name of debtor - If individual, enter Last, First, Middle) **Henley, Larry D.** | NAME OF JOINT DEBTOR (Spouse) (Last, First, Middle) |
|---|---|
| ALL OTHER NAMES used by debtor in the last 6 years (include married, maiden and trade name) | ALL OTHER NAMES used by debtor in the last 6 years (include married, maiden and trade name) |
| SOC. SEC./TAX I.D. NO. (If more than one, state all) **XXX-XX-0501** | SOC. SEC./TAX I.D. NO. (If more than one, state all) |
| STREET ADDRESS OF DEBTOR (No. and street, city, state, zip) **3617 W. 175th Place** **Country Club Hills, IL 60478** | STREET ADDRESS OF DEBTOR (No. and street, city, state, zip) |

| | COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS **Cook** | | COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS |
|---|---|---|---|

| MAILING ADDRESS OF DEBTOR (If different from street address) | MAILING ADDRESS OF DEBTOR (If different from street address) |
|---|---|

| LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (If different from addresses listed above) | |
|---|---|

INFORMATION REGARDING DEBTOR (Check applicable)

TYPE OF DEBTOR
_X_ Individual          __ Corporation Publicly Held
__ Joint (H&W)          __ Corporation Not Publicly Held
__ Partnership          __ Municipality
__ Other

NATURE OF DEBT
_X_ Non-Business Consumer   __ Business - Complete A&B below

A. TYPE OF BUSINESS (check one)
__ Farming           __ Transporation      __ Commodity Broker
__ Professional      __ Manufacturing/     __ Construction
__ Retail/Wholesale     Mining            __ Real Estate
__ Railroad          __ Stockbroker       __ Other Business

B. BRIEFLY DESCRIBE NATURE OF BUSINESS

CHAPTER OR SECTION OF BANKRYPTCY CODE UNDER WHICH THE
PETITION IS FILED (check one)
__ Chapter 7      __ Chapter 11    X__ Chapter 13
__ Chapter 9      __ Chapter 12    __ 304-Case Ancillary to
                                      Foreign Proceeding

FILING FEE (check one)
_X_ Filing fee attached.
__ Filing fee to be paid in installments. (Applicable to individuals only)
   must attach signed application for the court/s consideration certifying
   that the debtor is unable to pay fee except in instalments. Rule 1006(b)
   see Official Form No. 3

NAME and ADDRESS OF LAW FIRM OR ATTORNEY
       Staver & Gainsberg, P.C.
       120 W. Madison St., Ste. 520
       Chicago, IL 60602
Telephone No.                    312-422-1130

NAME(S) OF ATTORNEY(S) DESIGNATED TO REPRESENT THE DEBTOR

__ Debtor is not represented by an attorney

STATISTICAL ADMINISTRATIVE INFORMATION (28 U.S.C. 604)
        (Estimates only)   (Check applicable)

THIS SPACE FOR COURT USE ONLY

_X_ Debtor estimates that funds will be available for distribution to unsecured creditors
__ Debtor estimates that after any exempt property is excluded and administrative
   expenses paid, there will be no funds available for distribution to unsecured creditors.

ESTIMATED NUMBER OF CREDITORS
__ 1-15   _X_ 16-49   __ 50-99   __ 100-199   __ 200-999   __ 1000-over

ESTIMATED ASSETS (in thousands of dollars)                                  over
X_Under 50   __50-99   __100-499   __500-999   __1000-9999   __10,000-99,000   __100,000

ESTIMATED LIABILITIES (in thousands of dollars)                             over
_X_Under 50   __50-99   __100-499   __500-999   __1000-9999   __10,000-99,000   __100,000

ESTIMATED NUMBER OF EMPLOYEES - CH 11 & 12 ONLY
__0   __1-19   __20-99   __100-999   __1000-over

ESTIMATED NO. OF EQUITY SECURITY HOLDERS - CH 11 & 12 ONLY
__0   __1-19   __20-99   __100-499   __500-over

| Name of Debtor | |
|---|---|
| **Henley, Larry** | Case No. |
| | (court use only) |

## FILING OF PLAN

For Chapter 9, 11, 12 and 13 cases only. Check appropriate.

_X_ A copy of debtor's proposed plan dated    #####     __ Debtor intends to file a plan within the time allowed by statute,

   is attached.                                           rule or order of the court.

### PRIOR BANKRUPTCY CASE FILED WITHIN LAST 8 YEARS (if more than one, attach additional sheet)

| Location Where Filed | Case Number | Date Filed |
|---|---|---|
| | | |

PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER OR AFFILIATE OF THIS DEBTOR (if more than one, attach additional sheet.)

| Name of Debtor | Case Number | Date |
|---|---|---|
| | | |
| Relationship | District | Judge |
| | | |

### Exhibit A

(To be completed if the debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11).

_____    **Exhibit A is attached and made a part of this petition.**

### Exhibit B

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that he or she may proceed under Chapter 7,11,12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by §342(b) of the Bankruptcy Code.

X __/s/ Neal S. Gainsberg_____ Date:_4/07/06_____

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

_____ Yes, and Exhibit C is attached and made a part of this petition.

_X__ No.

### Certification Concerning Debt Counseling by Individual/Joint Debtor(s)

__X____   I/we have received approved budget and credit counseling during the 180-day period preceding the filing of this petition.

_____   I/we request a waiver of the requirement to obtain budget and credit counseling prior to filing based on exigent circumstances.

### Information Regarding the Debtor (Check the Applicable Boxes)
### Venue (Check any applicable box)

_X____ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

_____ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

_____ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding (in a federal or state court) in this District, or the interest of the parties will be served in regard to the relief sought in this District.

### Statement by a Debtor Who Resides as a Tenant of Residential Property

Check all applicable boxes

_____ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following:)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

_____ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

_____ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

REQUEST FOR RELIEF

Debtor requests relief in accordance with the chapter ___13__of title II, United States Code, specified in this petition.

## SIGNATURES

### ATTORNEY

X  /s/ Neal S. Gainsberg _____    Date    4/7/2006

Signature

| INDIVIDUAL/JOINT DEBTOR(S) | CORPORATE OR PARTNERSHIP DEBTOR |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct | I declare under penalty of perjury that the information provided in this petition is true and correct, and that the filing of this petition on behalf of the debtor has been authorized |

X /s/        Larry D. Henley _____

Signature of Debtor

Date

X _____

Signature of Joint Debtor

Date

X _____

Signature of Authorized Individual

_____

Print of Type Name of Authorized Individual

Title of Individual Authorized by Debtor to File this Petition

---

TO BE COMPLETED BY INDIVIDUAL CHAPTER 7 DEBTOR WITH PRIMARILY CONSUMER DEBTS (SEE p.l. 98-353 & 322)

I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7 of such title

If I am represented by an attorney, exhibit "B" has been completed.

X /s/        Larry D. Henley _____    Date    4/7/2006

Signature of Debtor

X _____    Date

Signature of Joint Debtor

**UNITED STATES BANKRUPTCY COURT**                    **DISTRICT OF**

In re:   **Henley, Larry D.**                Debtor(s)        Case No.              (If Known)

See summary below for the lists of schedules. Include Unsworn Declaration under Penalty of Perjury at the end

GENERAL INSTRUCTIONS: Schedule D, E and F have been designed for the listing of each claim only once. Even when a claim is secured only in part or entitled to priority only in part, it still should be listed only once. A claim which is secured in whole or in part should be listed on Schedule D only, and a claim which is entitled to priority in whole or in part should be listed in Schedule E only. Do not list the same claim twice. If a creditor has more than one claim, such as claims arising from separate transactions, each claim should be scheduled separately

Review the specific instructions for each schedule before completing the schedule.

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each, Report the totals from Schedules A, B, D, E, F, I and J in the boxes provided, Add the amounts of Scheduels A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| Name of Schedule | Attached (Yes No) | Number of Sheets | Amounts Scheduled | | |
|---|---|---|---|---|---|
|  |  |  | Assets | Liabilites | Other |
| A - Real Property | Y | 1 | 0.00 |  |  |
| B - Personal Property | Y | 3 | 6,458.00 |  |  |
| C - Property Claimed as Exempt | Y | 1 |  |  |  |
| D - Creditors Holding Secured Claims | Y | 1 |  | 0.00 |  |
| E - Creditors Holding Unsecured Priority Claims | Y | 1 |  | 1,655.00 |  |
| F - Creditors Holding Unsecured Nonpriority Claims | Y | 1 |  | 22,891.00 |  |
| G - Executory Contracts and Unexpired Leases | Y | 1 |  |  |  |
| H - Codebtors | Y | 1 |  |  |  |
| I - Current Income of Individual Debtor(s) | Y | 1 |  |  | 3,716.00 |
| J - Current Expenditures of Individual Debtor(s) | Y | 1 |  |  | 3,216.00 |
| Total Number of Sheets of All Schedules |  | 12 |  |  |  |
| Total Assets |  |  | 6,458.00 |  |  |
| Total Liabilities |  |  |  | 24,546.00 |  |

**UNITED STATES BANKRUPTCY COURT**
**Northern District of Illinois**

In re:  Henley, Larry

Case No._____
Chapter _____13_____

**STATISTICAL SUMMARY OF CERTAIN LIABILITIES (28 u.s.c. § 159)**
[Individual Debtors Only]

Summarize the following types of liabililites, as reported in the Schedules, and total them.

| Types of Liabilities | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $0.00 |
| Taxes and Certain Other Debts Owed to Government Units (from Schedule E) | $0.00 |
| Claims for Death or Personal Injury While Debtor was Intoxicated (from Schedule E) | $0.00 |
| Student Loan Obligations (from Schedule F) | $0.00 |
| Domestic Support, separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 607/month |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $0.00 |
| **Total** | 607/month |

**The foregoing information is for statistical purposes only under 28 U.S.C. § 159.**

In re:    **Henley, Larry**

Debtor(s)      Case No.                          (if known)

## SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTORS INTEREST IN PROPERTY | H W J C | CURRENT REPLACEMENT VALUE OF DEBTORS INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **NONE** | | | | |

TOTAL ->          0.00      (Report also on Summary of Schedules)

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT REPLACEMENT VALUE OF DEBTORS INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on Hand | N | | | |
| 2. Checking/savings or other financial accounts certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations,or credit unions, brokerage houses, or cooperatives. | N | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | | | |
| 4. Household goods and furnishings, including audio, video and computer equipment | | **Miscellaneous Household Goods** | | **2,000.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **collectibles** | | **1,000.00** |
| 6. Wearing apparel. | | **Clothing** | | **2,000.00** |
| 7. Furs and jewelry. | | **Jewelry** | | **500.00** |
| 8. Firearms and sports, photographic, and other hobby equipment. | N | | | |
| 9. Interests in insurance policies, Name insurance company of each policy and itemize surrender or refund value of each. | N | | | |

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT REPLACEMENT VALUE OF DEBTORS INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 10. Annuities. itemize and name each issuer. | N | | | |
| 11. Interests in IRA, ERISA, Keogh, education IRA, or other pension or profit sharing plans. Itemize | N | | | |
| 12. Stock and interests in incorporated and unicorporated businesses. Itemize. | N | | | |
| 13. Interest in partnerships or joint ventures. itemize. | N | | | |
| 14. Government and corporate bonds and other negotiable and nonegotiable instruments. | N | | | |
| 15. Accounts receivable. | N | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | N | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | | | | |
| 18. Equitable or future interests, life estates, and rights to powers exercisable for the benefit of the debtor other than those listed on Schedule of Real Property | N | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust | N | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **tax refund** | | **558.00** |
| 21. Patents, copyrights, and other intellectual property. Give perticulars. | N | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | N | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1994 Chevy Cavalier** | | **400.00** |
| 24. Boats, motors, and accessories. | N | | | |
| 25. Aircraft and accessories. | N | | | |
| 26. Office equipment, furnishings, and supplies | N | | | |
| 27. Machinery, fixtures, equipment and supplies used in business | N | | | |
| 28. Inventory. | N | | | |
| 29. Animals | N | | | |
| 30. Crops - growing or harvested. Give particulars. | N | | | |
| 31. Farming equipment and implements | N | | | |
| 32. Farm supplies, chemicals, and feed. | N | | | |
| 33. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. §101(41A) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or | N | | | |

| | | | |
|---|---|---|---|
| household purposes. | | | |
| 34. Other personal property of any kind not already listed. Itemize. | N | | |
| (included amounts from any continuation sheets attached. Report total also on Summary of Schedules)    Total-> | | | **6,458.00** |

In re:    **Henley, Larry D.**                          Debtor(s)      Case No.                    **(if known)**

### SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under (Check one)

___ 11 U.S.C & 522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT REPLACEMENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| **Household Goods** | **735 ILCS 5/12-1001(b)** | **2,000.00** | **2,000.00** |
| **Clothing** | **735 ILCS 5/12-1001(a)** | **2,000.00** | **2,000.00** |
| **Collectibles** | **735 ILCS 5/12-1001((b)** | **1,000.00** | **1,000.00** |
| **1994 Chevy Cavalier** | **735 ILCS 5/12-1001©** | **400.00** | **400.00** |
| **Furs & Jewelry** | **735 ILCS 5/12-1001(b)** | **500.00** | **500.00** |
| **tax refund** | **735 ILCS 5/12-1001(b)** | **500.00** | **558.00** |

**In re: Henley, Larry**

Case No. _____ (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBT | HWJC | DATE CLAIM WAS INCURRED, NATURE OF LEIN AND DESCRIPTION AND REPLACEMENT VALUE OF PROPERTY SUBJECT TO LEIN | CUD | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY |
|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | |
| | | | VALUE $ | | | |
| ACCOUNT NO. | | | | | | |
| | | | VALUE $ | | | |
| ACCOUNT NO. | | | | | | |
| | | | VALUE $ | | | |
| ACCOUNT NO. | | | | | | |
| | | | VALUE $ | | | |
| ACCOUNT NO. | | | | | | |
| | | | VALUE $ | | | |
| ACCOUNT NO. | | | | | | |
| | | | VALUE $ | | | |
| ACCOUNT NO. | | | | | | |
| | | | VALUE $ | | | |
| ACCOUNT NO. | | | | | | |
| | | | VALUE $ | | | |
| ACCOUNT NO. | | | | | | |
| | | | VALUE $ | | | |

____ continuation sheets attached

| | | |
|---|---|---|
| SUBTOTAL -> (Total of this page) | 0.00 | |
| TOTAL -> | 0.00 | |

In re:   **Henley, Larry**                        Debtor(s)   Case No.                  (if known)

## SCHEDULE E - CREDITORS HOLDINGS UNSECURED PRIORITY CLAIMS

___ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPE OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets).

___ **Extensions of credit in an involuntary case**
   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of
   the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C 507(a)(2).

___ **Wages, salaries, and commissions**
   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees,
   up to a maximum of $2000 per employee, earned within 90 days immediately preceding the filing of the
   original petition or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C.
   507(a)(3)

___ **Contributions to employee benefit plans**
   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the
   original petition, or the cessation of business, whichever occurred first, to the extend provided in 11 U.S.C. 570(a)(4).

___ **Certain farmers and fishermen**
   Claims of certain farmers and fishermen, up to a maximum of $2000 per farmer or fisherman, against the debtor, as
   provided in 11 U.S.C. 507(a)(5).

___ **Deposits by individuals**
   Claims of individuals up to a maximum of $900 for deposits for the purchase, lease, or rental of property or services
   for personal, family, or household use, that were not delivered or provided. 11 U.S.C. 507(a)(6).

___ **Taxes and Certain Other Debts Owed to Governmental Units**
   Taxes, customs, duties, and penalties owing to federal, state, and local governmental units as set forth in
   11 U.S.C. 507(a)(7).

___ **Claims for perosnal injury while debtor was intoxicated.**

| CREDITORS NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODE BT | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C U D | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|
| **Account No.  XXX_XX_0501** | | | | | | |
| **Internal Revenue Service**<br>**230 S. Dearboen St.,**<br>**Mail Stop 5010 CHI**<br>**Chicago, IL 60604** | | | **Federal taxes 2004** | | **1,655.00** | **1,655.00** |
| **Account No.** | | | | | | |
| | | | | | | |
| **Account No.** | | | | | | |
| | | | | | | |
| **Account No.** | | | | | | |
| | | | | | | |

___ Continuation sheets attached             Subtotal --->   **1,655.00**   0.00

                                            Total --->   **1,655.00**   0.00

**SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS**  Page 12 of 25

___ Check here if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO D E B T | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCOUNT NO.  17031 | | | | | |
| Chicago Sun-Times 350 N. Orleans St. Chicago, IL 60654 | | | subscription | | 41.00 |
| ACCOUNT NO.  1000031092 | | | | | |
| Midwest Orthopedics at Rush, LLC P.O. Box 88336 Carol Stream, IL 60188-0336 | | | medical | | 52.00 |
| ACCOUNT NO.  40566353-5, 40573959-0, 8101484, | | | | | |
| Advocate South Suburban Hospital 17800 Kedzie Ave Hazel Crest, IL 60429 | | | medical | | |
| ACCOUNT NO.  4227-0970-9306-5246 | | | | | |
| First National Collection Bureau, Cross Country Bank 3631 Warren Way Reno, NV 89509` | | | collection | | 367.00 |
| ACCOUNT NO.  009-790-54732 | | | | | |
| American Family Insurance 6000 American Pkwy Madison, WI 53783-001 | | | car insurance | | 104.00 |
| ACCOUNT NO.  10890 | | | | | |
| Rush University Medical Center 75 Remittance Dr. Dept 1611 Chicago, IL 60675-1611 | | | medical bill | | 1,544.00 |
| ACCOUNT NO. | | | | | |
| Olympia Fields c/o Credit Systems P.O. Box 1088 Arlington, TX 76004-1008 | | | collection on medical | | 128.00 |
| ACCOUNT NO. | | | | | |
| Chase Auto Finance-National Recovery P.O. Box 29505 Phoenix, AZ 850038-9505 | | | repossession | | 13,000.00 |
| ACCOUNT NO. | | | | | |
| Certegy Payment Recovery Services, Inc. 3500 5th Street Northport, AL 35476 | | | collection | | 100.00 |
| | | | | Subtotal -> | 15,336.00 |
| | | | | Total -> | |

_____ Continuation Sheets Attached

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | C O D E B T | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCOUNT NO. 5178007282052257 | | | | | |
| First Premier Bank<br><br>P.O. Box 5524<br>Sioux Falls, SD 57117-5524 | | | Rev. Charge | | 1,000.00 |
| ACCOUNT NO. | | | | | |
| Rush University Medical Center<br>2001 ButterField Rd Suite #220<br>Downers Grove, IL 60515 | | | medical | | 100.00 |
| ACCOUNT NO. 53620711002, 5362071101 | | | | | |
| Rush-Presbterian-St. Luke's Medical Center<br>1700 West Van Buren<br>Chicago, IL 60612 | | | medical | | 1,664.41 |
| ACCOUNT NO. | | | | | |
| National Recoveries, Inc. c/o Cub Foods<br>11000 Central Ave., N.W.<br>Blaine, MN 55434-3827 | | | collection | | 265.02 |
| ACCOUNT NO. | | | | | |
| ClearCheck-Inc.<br>P.O. Box 12208<br>Greenville, S.C. 29612 | | | | | 370.57 |
| ACCOUNT NO. 6323540 | | | | | |
| Safeway<br>P.O. Box 29239<br>Phoenix, AZ 85038-9239 | | | collection | | 432.75 |
| ACCOUNT NO. 1315-1316-1324 | | | | | |
| Walts Food Center<br>2345 W. 183rd St.<br>Homewood, IL 60430 | | | collection | | 291.25 |
| ACCOUNT NO. | | | | | |
| Ultra Food-TRS Recovery Services<br>P.O. Box 60012<br>City of Industry, CA 91716-0012 | | | collection | | 86.00 |
| ACCOUNT NO. 14388166 | | | | | |
| Amo Recoveries- Georgia Dept. of Revenue<br>7001 PeachTree Ind. Blvd Suite 320<br>Norcross, GA 30092 | | | collection on taxes<br><br>1997 | | 3,063.00 |
| | | | Subtotal -> | | 7,273.00 |
| | | | Total -> | | |

_____ Continuation Sheets Attached

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

__ Check here if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | C O D E B T | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|

| ACCOUNT NO. 1101822 | | | |
|---|---|---|---|
| GTE Mobile Net<br>2 Blue Ridge Dr.<br>Cherokee, AL 35616-4624 | cell phone | | 282.00 |
| ACCOUNT NO. | | | |
| ACCOUNT NO. | | | |
| ACCOUNT NO. | | | |
| ACCOUNT NO. | | | |
| ACCOUNT NO. | | | |
| ACCOUNT NO. | | | |
| ACCOUNT NO. | | | |
| ACCOUNT NO. | | | |

|  | | Subtotal -> | 282.00 |
|---|---|---|---|
| _____ Continuation Sheets Attached | | Total -> | 22,891.00 |

**In re: Henley, Larry**                                    **Debtor(s)**          **Case No.**              **(if known)**

### SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

_X˙ __ Check here if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

**In re: Henley, Larry**                              **Debtor(s)**        **Case No.**              **(if known)**

### SCHEDULE H - CODEBTORS

__X_ Check here if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

In re:          **Henley, Larry**                          Debtors   Case No.                  (if known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter
12 or 13 case whether of not a joint petition if filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: **seperated** | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| | NAMES | AGE | RELATIONSHIP |
| | | | |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **labor** | |
| Name of Employer | **Roadway Express, Inc.** | |
| How Long Employed | **5 plus years** | |
| Address of Employer | **1077 Gorge Blvd Box 471 Akron, OH 44309** | |

Income: (Estimate of average monthly income)

| | DEBTOR | SPOUSE |
|---|---|---|
| 1. Current monthly gross wages, salary and commissions...................... (pro rate if not paid monthly) | **5,500.00** | |
| 2.  Estimate monthly overtime | ------------------------------------- | |
| 3. SUBTOTAL | | |
| 4. LESS PAYROLL DEDUCTIONS | **5,500.00** | ------------------------ |
|     a. Payroll taxes and social security | **1,100.00** | |
|     b. Insurance | **22.00** | |
|     c. Union dues | **55.00** | |
|     d. Other (Specify) | | |
|       child support | **607.00** | |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | **1,784.00** | ------------------------ |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | **3,716.00** | ------------------------ |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | | |
| 8. Income from real property | | |
| 9. Interest and dividends | | |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | | |
| 11. Social security or other government assistance (Specify) | | |
| 12. Pension or retirement income | | |
| 13. Other monthly income (Specify) | | |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | **0.00** | |
| 15. TOTAL MONTHLY INCOME | **3,716.00** | **0.00** |

16. TOTAL COMBINED MONTHLY INCOME          **3,716.00**   (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to
occur within the year following the filing of this document:

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually or annually to show monthly rate.

____ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse".

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | **1,000.00** |
|    a.  Are real estate taxes included? __Yes ___No | |
|    b.  Is property insurance included? ___Yes ___No | |
| 2. Utilities:  a.  Electricity and heating fuel | **253.00** |
|    b.  Water and sewer | |
|    c.  Telephone | **80.00** |
|    d.  Other_____cell phone | **50.00** |
| 3.  Home maintenance (repairs and upkeep) | |
| 4.  Food | **450.00** |
| 5.  Clothing | **100.00** |
| 6.  Laundry and dry cleaning | **50.00** |
| 7.  Medical and dental expenses | **100.00** |
| 8.  Transportation (not including car payments) | **350.00** |
| 9.  Recreation, clubs and entertainment, newspapers, magazine, etc | **200.00** |
| 10.  Charitable contributions | **100.00** |
| 11.  Insurance (not deducted from wages or included in home mortgage payments) | |
|    a.  Homeowner's or renter's | |
|    b.  Life | |
|    c.  Health | |
|    d.  Auto | **83.00** |
|    e.  Other_____ | |
| 12.  Taxes (not deducted from wages or included in home mortgage payments) | |
|    (Specify)          Income | |
| 13.  Installment payments:(In chapter 12 & 13 cases, do not list payments to be included in the plan) | |
|    Auto | |
|    Other | |
| 14.  Alimony, maintenance, and support paid to others | |
| 15.  Payments for support of additional dependents not living at your home | **100.00** |
| 16.  Regular expenses from operation of business, profession, or farm | |
|    (attach detailed statement) | |
| 17.  Other____money to elderly mother_____ | **300.00** |
| 18.  TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | **3,216.00** |
| 19.  Describe any increase or decrease in expenditures reasonably antici[ated to occur within the year following the filing of this document: | |

20.  STATEMENT OF MONTHLY NET INCOME

| | |
|---|---:|
| A. Total projected monthly income | **3,716.00** |
| B. Total projected monthly expenses | **3,216.00** |
| C. Excess income (A minus B) | **500.00** |

In re:    **Henley, Larry**

Debtor(s)     Case No.                    (if known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of_____sheets,

(Total shown on summary page plus 1.)

and that they are true and correct to the best of my knowledge, information and belief.

Date                          Signature: _____

Debtor

Date                          Signature: _____

(Joint Debtor, if any)

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the_____(corporation or partnership named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of_____sheets,

(Total shown on summary page plus 1)

and that they are true and correct to the best of my knowledge, information and belief.

Date                          Signature: _____

(Print or type name of individual signing on behalf of debtor.)

(An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. 152 and 3571.

UNITED STATES BANKRUPTCY COURT                                    DISTRICT OF

In re:      **Henley, Larry**                    Debtor(s)      Case No.

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-15 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 16-21. Each question must be answered. If the answer to any question is "None", or the question is not applicable, mark the box labeled "None". If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number if known, and the number of the question.

DEFINITIONS

"In business" A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partnership a sole proprietor or self-employed.

"Insider" The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporation of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. 101(30).

_____ None. **1. Income from Employment or Operation of Business**

State the gross amount of income the debtor has received from employ-
ment, trade,or profession, or from operation of the debtor's business,
including part-time activities either as an employee or in independent
trade or business, from the beginning
of this calendar year to the date this case was com-
menced. State also the gross amounts received during the two years im-
mediately preceding this calendar year. (A debtor that maintains, or has
maintained, financial records on the basis of a fiscal rather than a calen-
dare year may report fiscal year income. Identify the beginning and end-
ing dates of the debtor's fiscal year) If a joint petition is filed, state in-
come for each spouse separately. (Married debtors filing under chapter
12 or chapter 13 must state income of both spouses whether or not a
joint petition is filed, Unless the spouses are separated and a joint peti-
tion is not filed) Give AMOUNT and SOURCE (if more than one).

|  |  |
|---|---|
| **2006 YTD** · | **$14,773.00** |
| **2005 - $** | **$60,927** |
| **2004 $** | **$63,982** |

_X___ None. **2. Income Other Than From Employment or Operation of Business.**

State the amount of income received by the debtor other than from em-
ployment, trade, profession, or operation of the debtor's business during
the two years immediately preceding the commencement of this case.
Give particulars. If a joint petition is filed, state income for each spouse
separately. (Married debtors filing under chapter 12 or chapter 13 must
state income for each spouse whether or not a joint petition is filed, un-
less the spouses are separated and a joint petition is not filed.) Give
AMOUNT and SOURCE.

**3. Payments to Creditors**
_X__ None   a. List all payments on loans, installment purchases of goods
or services, and other debts, aggregating more than $600 to any creditor,
made within 90 days immediately preceding the commencement of this case.
Indicate with an asterisk any payments that were made to a creditor on account
of a domestic support obligation or as part of an alternative repayment
schedule under a plan by an approved nonprofit budgeting and credit counseling agency.
(Married debtors filing under chapter 12 or chapter 13 must include
payments by either or both spouses whether or not a joint petition is
filed, unless the spouses are separated and a joint petition is not filed.)
Give NAME and ADDRESS of CREDITOR, DATES OF PAYMENTS, AMOUNT
PAID and AMOUNT STILL OWING.

__X_None   b.  List each payment or other transfer to any creditor made within
90 days immediately preceeding the commencment of this case id the
aggregate value of all property that constitutes or is affected by such transfer
is not less than $5000.00. (Married debtors filing under Chapter 12 or Chapter 13
must include payments and other transfers by by either or both spouses whether
or not a joint petition is filed, unless the spouses are separated, and a joint
petition is not filed.)

_X__None  c. List all payments made within one year immediately preced-
ing the commencement of this case to or for the benefit of creditors who
are or were insiders. (Married debtors filing under chapter 12 or chapter
13 must include payments by either or both spouses whether or not a
joint petition is filed, unless the spouses are separated and a joint peti-
tion is not filed.) Give NAME and ADDRESS of CREDITOR and RELATION-
SHIP TO DEBTOR, DATE OF PAYMENT, AMOUNT PAID and AMOUNT STILL
OWING.

4. Suits, Executions, Garnishments and Attachments

_X__None  a. List all suits to which the debtor is or was a party within one
year immediately preceing the filing of this bankruptcy case. (Married
debtors filing under chapter 12 or chapter 13 must include information
concerning either or both spouses whether or not a joint petition is
filed, unless the spouses are separated and a joint petition is not filed.)
Give CAPTION OF SUIT AND CASE NUMBER, NATURE OF PROCEEDING,

COURT AND LOCATION and STATUS OR DISPOSITION.

_X_ None.  b. Describe all property that has been attached, garnished or
seized under any legal or equitable process within one year immediately
preceding the commencement of this case. (Married debtors filing
under chapter 12 or chapter 13 must include information concerning
property of either or both spouses whether or not a joint petitition is
filed, unless the spouses are separated and a joint petition is not filed.)
GIve NAME and ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY
WAS SEIZED, DATE OF SEIZURE and DESCRIPTION AND VALUE OF
PROPERTY.

_X__ None  5. Repossessions, Foreclosures and Returns
List all property that has been repossessed by a creditor, sold at a fore-
closure sale, transferred through a deed in lieu of foreclosure or returned
to the seller, within one year immediately preceding the commencement of
this case. (Married debtors filing under chapter 12 or chapter 13 must in-
clude information concerning property of either or both spouses whether
or not a joint petition is filed, unless the spouses are separated and a
joint petition is not filed.) Give NAME and ADDRESS OF CREDITOR OR

SELLER, DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER
OR RETURN and DESCRIPTION and VALUE OF PROPERTY.

6.  Assignments and Receiverships
_X__ None.   a. Describe any assignment of property for the benefit of
creditors made within 120 days immediately preceding the commence-
ment of this case. (Married debtors filing under chapter 12 or chapter
13 must include any assignment by either or both spouses whether or
not a joint petition is filed, unless the spouses are separated and a joint
petition is not filed.) Give NAME and ADDRESS OF ASSIGNEE, DATE OF

ASSIGNMENT and TERMS OF ASSIGNMENT OR SETTLEMENT.
_X__None.  b. List all property which has been in the hands of a custo-
dian, receiver, or court-appointed official within one year immediately
preceding the commencement of this case. (Married debtors filing under
chapter 12 or chapter 13 must include information concerning property
of either or both spouses whether or not a joint petition is filed, unless
the spouses are separated and a joint petition is not filed.) Give NAME
and ADDRESS OF CUSTODIAN, NAME and LOCATION OF COURT, CASE
TITLE & NUMBER, DATE OF ORDER and DESCRIPTION AND VALUE OF
PROPERTY.

_X___None 7. Gifts

List all gifts or charitable contributions made within one year immediately
preceding the commencement of this case except ordinary and usual gifts
to family members aggregating less than $200 in value per individual
family member and charitable contributions aggregating less than $100
per recipient. (Married debtors filing under chapter 12 or chapter 13 must
include gifts or contributions by either or both spouses whether or not a
joint petition is filed, unless the spouses are separated and a joint peti-
tion is not filed.) Give NAME and ADDRESS OF PERSON OR ORGANIZA-
TION, RELATIONSHIP TO DEBTOR, IF ANY, DATE OF GIFT and DESCRIP-

TION and VALUE OF GIFT.

_X___None 8. Losses
List all losses from fire, theft, other casualty or gambling within one year
immediately preceding the commencement of this case or since the com-
mencement of this case. (Married debtors filing under chaper 12 or chap-
ter 13 must include losses by either or both spouses whether or not a
joint petition is filed, unless the spouses are separated and a joint peti-
tion is not filed. Give DESCRIPTION and VALUE OF PROPERTY, DESCRIP-

TION OF CIRCUMSTANCES and, IF LOSS WAS COVERED IN WHOLE OR
IN PART BY INSURANCE. Give PARTICULARS and DATE OF LOSS.

____None  9. Payments Related to Debt Counseling or Bankruptcy
List all payments made or property transferred by or on behalf of the
debtor to any persons, including attorneys, for consultation concerning
debt consolidation, relief under the bankruptcy law or preparation of a

Staver & Gainsberg, P.C.
120 W. Madison, Ste. 520
Chicago, IL  60602

petition in bankruptcy within one year immediately preceding
the commencement of this case.  Give Name and address of payee,
date of payment, name of puer if other than debtor, and amount
of money or description and value of property.

__X___None   10.  Other Transfers

a.  List all other proeprty, other rhan property transferred in the ordinary
course of the business or financial affairs of the debtor, transferred
either absolutely or as security within two years immediately preceding
the commencement of this case. (Married debtors filing under chapter
12 or chapter 13 must include transfers by either or both spouses whether
or not a joint petition is filed, unless the spouses are separated and a
joint petition is not filed.) Give NAME and ADDRESS OF TRANSFEREE,
RELATIONSHIP TO DEBTOR, DATE and DESCRIBE PROPERTY TRANS-
FERRED AND VALUE RECEIVED.

b.  List all property transferred by the debtor within ten years immediately
preceding the commencement of this case to a self-settled trust or
similar device of which the debotr is a beneficiary.  Give Name of trust
or other device, date(s) of transfer(s), and amount of money or description
and value of property or debtor's interest in property.

_X___None  11. Closed Financial Accounts

List all financial accounts and instruments held in the name of the
debtor or for the benefit of the debtor which were closed, sold, or
otherwise transferred within one year immediately preceding the
commencement of this case. Include checking, savings, or other
financial accounts, certificates of deposit, or other instruments;
shares and share accounts held in banks, credit unions, pension
funds, cooperatives, associations, brokerage houses and other
financial institutions. (Married debtors filed under chapter 12 or
chapter 13 must include information concerning accounts or instru-
ments held by or for either or both spouses whether or not a joint
petition is filed, unless the spouses are separated and a joint peti-
tion is not filed.) Give NAME and ADDRESS OF INSTITUTION, TYPE
AND NUMBER  OF ACCOUNT AND AMOUNT OF FINAL BALANCE and
AMOUNT AND DATE OF SALE OR CLOSING.

_X___None  12. Safe Deposit Boxes

List each safe deposit or other box or despository in which the debtor
has or had securities, cash, or other valuables within one year immed-
iately preceding the commencement of this case. (Married debtors
filing under chapter 12 or chapter 13 must include boxes or deposi-
tories of either or both spouses whether or not a joint petition is
filed, unless the spouses are separated and a joint petition is not filed.)
Give NAME and ADDRESS OF BANK OR OTHER DEPOSITORY, NAMES
AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY
DESCRIPTION OF CONTENTS and DATE OF TRANSFER OR SURREN-
DER, IF ANY.

_X___None  13.  Setoffs

List all setoffs made by any creditor, including a bank, against a debt
or deposit of the debtor within 90 days preceding the commencement
of this case. (Married debtors filing under chapter 12 or chapter 13
must include information concerning either or both spouses whether
or not a joint petition is filed, unless the spouses are separated and
a joint petition is not filed.) Give NAME and ADDRESS OF CREDITOR
DATE OF SETOFF and AMOUNT OF SETOFF.

_X___None  14. Property Held for Another Person

List all property owned by another person that the debtor holds or
controls. Give NAME and ADDRESS OF OWNER, DESCRIPTION AND
VALUE OF PROPERTY and LOCATION OF PROPERTY.

___X_None  15. Prior Address of Debtor

If the debtor has moved within the three years immediately preceding
the commencement of this case, list all premises which the debtor
occupied during that period and vacated prior to the commence-
ment of this case. If a joint petition is filed, report also any separate
address of either spouse. Give ADDRESS, NAME USED and DATES
OF OCCUPANCY.

__X__None  16.  Spouses and Former Spouses.
If the debtor resides or resided in a community property state,
commonwealth, or territory (including Alaska, Arizona, California, Idaho,
Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, of
Wisconsin) within the eight year period immediately preceding the
commencement of the case, identify the name of the debtor's spouse
and of any former spouse who resides or resided with the debtor in the
community property state.

__X__None  17.  Environmental Information
For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state of local statute or
regulation regulating pollution, contamination, releases of hazardous
or toxic substances, wastes or material into the air, land, soil, surface
water, groundwater, of other medium, including, but not limited to, statutes
or regulations regulating the cleanup of these substances, wastes, or
materials.

"Site" means any location, facility, or property as defined under any
Environmental Law, whether or not presently or formerly owned or
operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste,
hazardous substance, toxic substance, hazardous material,  pollutant, or
contaminant or similar term under an Environmental Law.

__X__None   a.  List the name and address of every site for which the debtor has
received notice in writing by a governmental unit that it may be liable
or potentially liable under or in violation of an Environmental Law.
Indicate the governmental unit, the date of the notice, and, if known, the
Environmental Law:

| SITE NAME AND ADDRESS | NAME & ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE NOTICE | ENVIRONMENT LAW |
|---|---|---|---|

__X__None   b.  List the name and address of every site for which the debtor provided
notice to a governmental unit of a release of Hazardous Material.  Indicate
the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME & ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE NOTICE | ENVIRONMENT LAW |
|---|---|---|---|

__X__None   c.  List all judicial or administrative proceedings, including settlements
or orders, under an Environmental Law with respect to which the debtor is or was a
party.  Indicate the name and address of the governmental unit that is or was a party
to the proceeding, and the docket number.

| NAME & ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

### Unsworn Declaration under Penalty of Perjury.

**I declare under penalty that I have read the answers contained in the foregoing statement of
financial affairs and any attachments thereto and that they are true and correct.**

Date ___4/09/06_____   Signature of Debtor   **/s/      Larry Henley**_____


Date _____   Signature of Joint Debtor _____
                              (if any)

**Penalty for making a false statement: Fine of up to $500,000 or imprisonment for
up to 5 years or both 18 U.S.C. 152 and 3571.**

In re:  **Henley, Larry**                                Debtor(s)    Case No.                    (if known)

## STATEMENT
Pursuant to Rule 2016(b)

The undersigned, pursuant to Rule 2016(b) Bankruptcy Rules, states that:

**(1) The undersigned is the attorney for the debtor(s) in this case.**

**(2) The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:**
    **(a) for legal services rendered or to be rendered in contemplation of and in connection
       with this case**                                                     **3,000.00**
    **(b) prior to filing this statement, debtor(s) have paid**                **500.00**
    **(c) the unpaid balance due and payable is**                               **2,500.00**

**(3) $274.00 of the filing fee in this case has been paid.**

**(4) The services rendered or to be rendered include the following:**
    **(a) analysis of the financial situation, and rendering advice and assistance to the debtor(s) in
       determining whether to file a petition under title 11 of the United States Code.**
    **(b) preparation and filing of the petition, schedules, statement of affairs and other documents
       required by the court.**
    **(c) representation of the debtor(s) at the meeting of creditors.**

**(5) The source of payments made by the debtor(s) to the undersigned was from earning, wages and
    compensation for services performed, and**

**(6) The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance
    remaining, if any, will be from earnings, wages and compensation for services performed, and**

**(7) The undersigned has received no transfer, assignment or pledge of property except the
    following for the value stated:**

**(8) The undersigned has not shared or agreed to share with any other entity, other than with
    members of undersigned's law firm, any compensation paid or to be paid except as follows:**

Date:      4/14/2006          Respectfully submitted    /s/ Neal S. Gainsberg                          Attorney for Petitioner

Attorney's name and address        Staver & Gainsberg, P.C., 120 W. Madison St., Ste. 520, Chicago, IL 60602